**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-62165-CIV-ALTONAGA**

**ALEXANDER MIGUEL**
**CALDERON AZABACHE**,

Petitioner,

v.

**BROWARD TRANSITION**
**CENTER**, *Warden*,

Respondent.
_______________________________/

**ORDER**

**THIS CAUSE** came before the Court on *pro se* Petitioner, Alexander Miguel Calderon Azabache's Petition for a Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1]. Petitioner challenges his immigration detention at the Broward Transitional Center without an individualized bond hearing. (*See generally* Pet.).[1] Respondent filed a Response [ECF No. 6]. The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is dismissed without prejudice.[2]

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Also before the Court is Petitioner's Statement Regarding Immigration Status, Arrest, and Request Against Transfer [ECF No. 7], construed as a Motion to Enjoin Transfer. The Motion is unsigned and does not appear to have been submitted by Petitioner personally. (*See generally* Mot.). An unrepresented party must personally sign every written motion or other paper filed with the Court. *See* Fed. R. Civ. P. 11(a); 28 U.S.C. § 1654. Moreover, because the Motion seeks only to prevent Petitioner's transfer while this habeas proceeding remains pending (*see* Mot. 1), the request is moot considering the Court's denial of the Petition.

## I. BACKGROUND

Petitioner is a citizen and national of Peru who entered the United States without inspection on May 14, 2022 near San Luis, Arizona. (*See* Resp., Ex. A, Form I-213 [ECF No. 6-1] 3). On July 28, 2026, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into immigration custody. (*See* Resp., Ex. E, Decl. of Deportation Off. Shane Baksh ("Baksh Decl.") [ECF No. 6-5] ¶ 7). The following day, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA"), charging him as inadmissible under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (*See id.* ¶ 8; Resp., Ex. B, NTA [ECF No. 6-2] 1). DHS then filed the NTA with the immigration court on July 31, 2026, commencing removal proceedings. (*See* Baksh Decl. ¶ 9). Petitioner remains detained at the Broward Transitional Center while those proceedings are pending. (*See id.* ¶ 10).

The Petition filed on August 6, 2026[3] and construed liberally, raises a single claim for relief. (*See generally* Pet.); *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("[The Court] construe[s] *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." (alterations added; emphasis in original; citation omitted)). Petitioner alleges his detention violates the Fifth Amendment's Due Process Clause because ICE detained him "during a traffic stop on July 28, 2026[;]" despite his "pending asylum application before USCIS[;]" lack of a final order of removal or criminal record; and possession of a "valid work permit, Social Security number, [and] Florida driver[']s license[.]" (Pet. 6 (alterations added)).

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (emphasis in original; citations omitted). "Absent evidence to the contrary, [the Court] assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

He alleges he is neither "a danger to the community" nor "a flight risk[.]" (*Id.* (alteration added)). Petitioner seeks immediate release from ICE custody. (*See id.* 7).

Petitioner acknowledges he did not seek an administrative remedy concerning his detention. (*See id.* 2–3; *see also* Baksh Decl. ¶ 12 (confirming Petition "has not filed a request for a bond hearing before EOIR"). Instead, Petitioner "seeks immediate judicial review" and asserts that "[n]o adequate administrative remedy is available." (*Id.* 2 (alteration added)).

Respondent states that, under *Hernandez Alvarez v. Warden Federal Detention Center Miami*, 175 F.4th 1258 (11th Cir. 2026), Petitioner may request a bond hearing before an Immigration Judge ("IJ") under 8 U.S.C. section 1226(a). (*See* Resp. 2). Respondent contends the Petition should be denied because Petitioner has not pursued that available administrative remedy. (*See id.* 2–6).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

***Immediate Release.*** Again, Petitioner seeks immediate release from immigration custody. (*See* Pet. 7). He is not entitled to that relief. If Petitioner's detention is governed by 8 U.S.C. section 1226(a), as Respondent asserts (*see* Resp. 2), section 1226(a) affords him an opportunity for an individualized bond hearing — not immediate release from custody. *See, e.g.*, *Lopez Bartolo*

*v. Mullin*, No. 2:26-cv-1247, 2026 WL 1309028, at *1 (M.D. Fla. May 13, 2026) ("Petitioner is an alien without lawful status[,] [s]o he is entitled to a bond hearing under [section] 1226(a), not immediate release." (alterations added; citation omitted)). Thus, the only relief potentially available on Petitioner's claim is an order requiring Respondent to afford him the bond process provided by section 1226(a).

***Individualized Bond Hearing.*** Nor is Petitioner entitled to a bond hearing. Respondent asserts the Petition should be denied because Petitioner failed to "pursue[] administrative relief" before seeking habeas relief. (Resp. 2). The Court agrees.

Before starting a proceeding under 28 U.S.C. section 2241, a petitioner must exhaust his available administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although exhaustion is not jurisdictional, "the exhaustion requirement is still a requirement[.]" *Id.* (alteration added). So, while a court may "skip over the exhaustion issue if it is easier to deny . . . the petition on the merits," it may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Id.* (alteration added; citation omitted). Because Respondent has properly asserted an exhaustion defense (*see* Resp. 2–6), the Court must address it. *See Santiago-Lugo*, 785 F.3d at 475.

An administrative remedy is available to Petitioner. "[B]ond-eligible aliens detained pursuant to [section] 1226 are generally entitled to a review of their custody determination (including whether they may be released on bond) at a hearing before an immigration judge." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1263 (11th Cir. 2026) (alteration added; citations omitted). Respondent concedes Petitioner may request a bond hearing before an IJ under 8 U.S.C. section 1226(a). (*See* Resp. 2).

Petitioner has not requested a bond hearing before an IJ. (*See* Pet. 2–3; Resp. 2–6; Baksh Decl. ¶ 12). Petitioner acknowledges he did not "appeal the decision, file a grievance, or seek an administrative remedy[;]" explaining only that he "seeks immediate judicial review" because "[n]o adequate administrative remedy is available." (Pet. 2 (alterations added)). Because Petitioner has not pursued an available administrative remedy, the Petition is denied without prejudice. *See Portillo v. Gualtieri*, No. 26-cv-1718, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) (concluding that a petitioner "failed to exhaust [her] administrative remedies because [she] has not requested a bond redetermination before an immigration judge." (alterations in original)).

Being fully advised, it is

**ORDERED** as follows:

1. Petitioner, Alexander Miguel Calderon Azabache's Petition for a Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1] is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

2. Petitioner's Statement Regarding Immigration Status, Arrest, and Request Against Transfer [ECF No. 7], construed as a Motion to Enjoin Transfer, is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of September, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record
Petitioner, *pro se*